UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**BETH P. GESNER**
**CHIEF UNITED STATES MAGISTRATE JUDGE**
MDD_BPGchambers@mdd.uscourts.gov

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
(410) 962-4288

November 20, 2020

James H. West, Esq.
West, Edwards & Aitken, LLC
409 Washington Avenue, Suite 1010
Baltimore, MD 21204

Charles S. Fax, Esq.
Rifkin Weiner Livingston LLC
4800 Hampden Lane, Suite 820
Bethesda, MD 20814

Michael S. Barranco, Esq.
The Law Offices of Frank F. Dailey, P.C.
11350 McCormick Road
Executive Plaza III, Suite 704
Hunt Valley, MD 21031

Joseph Wolfson, Esq.
Stevens and Lee
1818 Market Street, 29th Floor
Philadelphia, PA 19103

Subject: The Lynch Ret. Inv. Grp., LLC v. Croyle
Civil No.: ELH-20-1280

Dear Counsel:

As I mentioned in my letter order of today's date, I am providing you with my informal discovery dispute procedure. The parties should only use the expedited process detailed below for any disputes that remain after the parties' good faith effort to resolve the dispute on your own. Please do not file any discovery motions until this process has been followed <u>and</u> I advise you that formal briefing is necessary.

My informal discovery dispute procedure is as follows:

**At the outset, I note that you are required to attempt to resolve any discovery disputes among yourselves in the first instance. If you are unable to do so, you may:**

1. File a **joint** brief letter (not to exceed one page) advising me that you would like me to resolve a discovery dispute (noting the nature of the dispute), confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. Note: This requirement contemplates a discussion between counsel, not an email exchange.

2. Within 24 hours of sending the letter noted above, counsel involved in the discovery dispute shall file short letters (not to exceed two pages) setting forth their respective

positions. You are not to "reply" to each other's letters. This procedure contemplates that you will file your letters contemporaneously and that you are already familiar with the other party's position by virtue of your conference.

3. Upon review of these letters, I will determine whether a telephone conference is necessary to resolve the dispute. If not, I will resolve the dispute. If so, my chambers will contact you with a timeframe for when I am available for a conference call.

4. If I advise counsel that I would like to have a telephone conference, the parties should confer and call my chambers with a date and time within that timeframe when all counsel are available.

5. It shall be the responsibility of plaintiff's counsel to arrange for a conference call at the prescribed time.

6. I will not make a tape recording of the hearing. If any of you want a court reporter to record the hearing, it will be your responsibility to have a court reporter present in your office. Of course, you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so after hearing from you, I will direct that the procedures for formal briefing be followed.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

Very truly yours,

/s/
Beth P. Gesner
Chief United States Magistrate Judge